IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN SEED LTD., a Canadian corporation and
GREEN LEAVES, INC., a South Dakota corporation,

      Plaintiffs,

 v.

JAMES A VANNET, a Minnesota individual,
TENDER LEAFY CORN, LLC, a dissolved Wisconsin
limited liability company and
TENDER LEAFY CORN, LLC, a Minnesota limited
liability company,

      Defendants.

ORDER

09-cv-309-slc

---

  This is a civil action for monetary and declaratory relief. Both sides have moved for partial summary judgment and plaintiffs have moved to dismiss defendants' counterclaims. However, before I can address those motions I need more information about defendant James Vannet' citizenship to ensure that this court has jurisdiction over this case. *See Arbaugh v. Y & H Corporation*, 546 U.S. 500, 514 (2006)(court has independent obligation to ensure subject matter jurisdiction exists, even in the absence of challenge from any party); *see also Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). As the parties invoking this court's jurisdiction, plaintiffs bear the burden of showing that federal jurisdiction exists. *See, e.g., Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).[1]

  As corporations, plaintiffs Glenn Seed Ltd. and Green Leaves, Inc. are deemed citizens of the state in which they are incorporated and the state in which their principal places of

---

[1] As a technical point, although plaintiffs invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1), § 1332(a)(3) governs because there are citizens of different states *and* citizens of foreign states.

business are located, 28 U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir. 2004). That means that Glenn Seed is a citizen of Canada and Green Leaves is a citizen of South Dakota.[2]

Under § 1332(a)(3) there still must be complete diversity between those citizens of states of the United States. For diversity to be "complete," "'no plaintiff may be a citizen of the same state as any defendant.'" *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Plaintiffs have not alleged in their complaint or proposed a fact in their motion for partial summary judgment regarding defendant James Vannet's *citizenship*. Plaintiffs allege that defendant Vannet "is an individual *residing*" in Grand Marais, Minnesota. Dkt. 32 (emphasis added). However, "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction. *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *The Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009). An individual is a citizen of the state in which he is domiciled, which is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). In other words, a person has only one domicile, but may have several residences.

This gap in the record as to Vannet's citizenship also affects the citizenship determination of the other defendants. Because both of the Tender Leafy, LLC defendants are limited liability companies, their citizenship is the citizenship of *each* of their members. *Thomas*

---

[2] As a second technical point, under § 1332(c)(1), Green Leaves also is a citizen of Canada because its principal place of business is in Ontario, Canada. However, when a corporation is incorporated in a state of the United States but its principal place of business is outside the United States, the foreign principal place of business "does not count" for purpose of determining diversity jurisdiction. *MAS Capital , Inc. v. Biodelivery Sciences International, Inc.*, 524 F.3d 831, 832-33 (7th Cir. 2008).

*v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Thus, for example, the Tender Leafy Corn, LLC organized in Minnesota, has citizenship where its members, defendant James Vannet and third-party Francis Glenn, claim citizenship. Although Glenn is known to be a citizen of Canada,[3] Vannet's citizenship is not of record in this case. That needs to change.

## ORDER

IT IS ORDERED that plaintiffs Glenn Seed Ltd. and Green Leaves, Inc. have until October 13, 2009, in which to submit facts establishing the diversity of citizenship between plaintiffs and defendants.

Entered this 6th day of October 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[3] As a third technical point, it makes no difference for purposes of diversity jurisdiction that on both sides of the "v." there are foreign citizens from the same foreign state. *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003). Complete diversity depends on opposing parties being citizens of different states of the United States, not on being citizens of different foreign states. *Id.* at 245-46. Thus, the fact that Glenn Seed Ltd. and the Tender Leafy Corn, LLC organized in Minnesota, which has Glenn Seed as a member, both have Canadian citizenship does not affect the diversity analysis.