IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN SEED LTD., a Canadian corporation and
GREEN LEAVES, INC., a South Dakota corporation,

                Plaintiffs,

v.

JAMES A VANNET, a Minnesota individual,
TENDER LEAFY CORN, LLC, a dissolved Wisconsin
limited liability company and
TENDER LEAFY CORN, LLC, a Minnesota
   limited liability company,

                Defendants.

OPINION AND ORDER

09-cv-309-slc

---

      This is a civil action for monetary and declaratory relief. On November 3, 2009, I granted defendants' motion for partial summary judgment on plaintiffs' first cause of action and denied plaintiffs' motion for partial summary judgment on their first and second causes of action. Dkt. 46. Plaintiffs have filed a motion seeking reconsideration of that November 3 opinion and order. Dkt. 52. For the reasons stated below, I am denying plaintiffs' motion.

      Plaintiffs' contend that the November 3 opinion and order is "wholly incompatible with the nature of the parties' relationship and commercial realities" as well as "internally inconsistent." Pltf' Reconsid. Br., dkt. 52 at 2-3. However, the main issue plaintiffs' raise in their motion for reconsideration was not before the court in the previous motions. The parties' summary judgment motions raised the issue whether any agreements involving the Glenn Seed inbred lines of corn existed between plaintiffs and any defendants. Op. & Ord., dkt. 46, at 8. Plaintiffs sought a declaratory judgment that no agreements existed, while defendants contended that such agreements do exist. Based on the evidence before the court and for reasons stated, I found in favor of defendants' position. I determined that licensing agreements between

plaintiff Glenn Seed, defendant TLC Wisconsin and third-party customers continued to exist based on the facts provided at summary judgment. *Id.*, dkt. 46, at 10-11. I also determined that those licensing agreements did not grant TLC Wisconsin any marketing rights and that the marketing rights that had been orally granted by Glenn Seed to TLC Wisconsin had been terminated. *Id*.

This decision consternated plaintiffs enough to prompt the instant motion for reconsideration. From plaintiffs' perspective, once they terminated TLC Wisconsin's marketing agreement, the written licensing agreements were swept away with it, and the court's contrary decision is untenable. I understand plaintiffs' position but continue to disagree with it. Just because the oral marketing agreement preceded and overarched the written licensing agreements does not mean that when it ends, so do they. Indeed, the terms of the licensing agreements, set forth in the court's November 3 order, indicate their continued vitality, regardless what plaintiffs may have had in mind at the time. Plaintiffs are correct that this dichotomy creates tension, but the way to relieve it is not for the court to ignore the explicit terms of the licensing agreements.

Although the court was not called up to determine–and therefore did not discuss– what contractual rights actually remained under the licensing agreements, plaintiffs devote extensive argument in their reconsideration motion to their contentions as to what "rights" the licensing agreements provide or do not provide defendants. Plaintiffs point out that "[t]he Court did not elaborate on what particular rights currently exist under the License Agreements, or how the rights under the License Agreements differed from the "Marketing Rights" that were clearly terminated." Brief, dkt. 52, at 2. Obviously plaintiffs are surprised by where the court landed on the summary judgment motions, but they should not have been surprised by the court's

2

silence on the topic of what rights exist under the license agreements; as plaintiffs themselves noted in their summary judgment reply brief,

> Whether the third-party License Agreements grant TLC any other enforceable contract rights is not a question presented by these motions, which relate solely to the issue of Marketing Rights.

> Reply Br., dkt. 34, at 3 n.3.

This issue was not before the court on the previous summary judgment motions and it remains undecided in this case. Thus, although the court has determined that agreements exist between plaintiff Glenn Seed and defendant TLC Wisconsin, the status and extent of rights under the agreements has yet to be determined.

Plaintiffs also contend that it was inconsistent for the court to hold that defendant TLC Wisconsin holds rights under license agreements while also holding that TLC Minnesota may hold rights under license agreements. But the court has not yet held what rights TLC Wisconsin holds under any licensing agreements. I determined simply that "nothing submitted by the parties refutes the existence of licensing agreements between TLC Wisconsin, Glenn Seed and third-party customers." Op. & Ord., dkt. 46, at 12. Moreover, plaintiffs' contention is incorrect. According to the limited facts found for summary judgment purposes, there are over 60 licensing agreements. *Id.*, dkt. 46, at 4. The parties did not submit a list of those agreements, nor did they provide their execution dates. Assuming that there are rights to be had under the agreements, then it is possible that TLC Wisconsin holds rights under some licensing agreements and that TLC Minnesota holds rights under others. Therefore, plaintiffs' motion for reconsideration will be denied.

Plaintiffs' motion for reconsideration demonstrates that important issues remain unresolved in this case. The motion also demonstrates the perils of filing an early summary judgment motion. Obviously anticipating a quick kill, plaintiffs filed their summary judgment motion a month before the deadline for amending the pleadings and three full months before the deadline for filing dispositive motions. But their shot missed the mark, leaving some important and relevant issues to be resolved. A motion for reconsideration is not the appropriate format to address or resolve those issues.

ORDER

IT IS ORDERED that plaintiffs' motion for reconsideration, dkt. 52, is DENIED.

Entered this 10th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge